IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| DANIEL SANDERS,<br><br>    Plaintiff,<br><br>  vs.<br><br>UNITED STATES AIR FORCE,<br><br>    Defendant. | Civil No. 25-00187 MWJS-WRP<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND AND DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AS MOOT |

## INTRODUCTION

Before the court is pro se Plaintiff Daniel Sanders' complaint against the United States Air Force, filed on May 6, 2025. ECF No. 1. Sanders seeks to proceed in forma pauperis (IFP), that is, without prepayment of fees or security. ECF No. 2. When an applicant seeks to proceed without prepayment of fees, the court must screen the complaint. The court must ensure, among other things, that it has the power—or subject matter jurisdiction—to hear the case, and that the complaint sets forth sufficient factual allegations to support a right to relief. For the reasons explained below, the court concludes that in its current form, the complaint does not meet these requirements, and it therefore DISMISSES the complaint with leave to amend and DENIES the IFP application as moot. If Sanders would like to proceed with this action, he must file an amended complaint by June 23, 2025, as detailed further below.

## BACKGROUND

Sanders' complaint alleges that he is an Air Force veteran who was stationed at Malmstrom Air Force Base in Montana in December 1990. ECF No. 1, at PageID.4. Upon arriving at that base, the Non-Commissioned Officer in Charge Micheal Hennessey was allegedly "very aggressive and demeaning towards" Sanders, and "state[d] that he felt" an illness Sanders had suffered from while stationed at a prior Air Force Base "was in his words psychosomatic." *Id.* Thereafter, Sanders experienced a "period of harassment that did not let up even when [he] was off duty." *Id.*

After serving in the Air Force for nearly four years, it appears Sanders was dishonorably discharged in July 1994. *Id.* at PageID.5. The complaint alleges that Sanders' discharge was the result of "individuals who[] made false statement[s]" representing that he "had a firearm in [his] barracks which is an absolute lie." *Id.* The complaint names a few individuals who made these "false statement[s]," including "Major Theron j Brown," "Captain Micheal Mauney," Technical Sergeant "Stapp," Major "Donald L Langford," and a "Staff Judge Advocate." *Id.* At the time of his separation from the Air Force, Sanders allegedly did not receive a separation Health Assessment by Captain Micheal Mauney, nor did he receive "out-process" or "out-process counselling." *Id.* at PageID.4-5. And because he was dishonorably discharged, Sanders was later denied access to certain benefits typically afforded veterans,

2

including medical care from the U.S. Department of Veteran Affairs (VA) and G.I. Bill Benefits.  *Id.* at PageID.5.

Sanders primarily seeks relief in the form of a discharge upgrade—that is, a change to his discharge documents that would recategorize his discharge as honorable, and therefore entitle him to veteran benefits.  *Id.*  He also requests that he "be recorded as eligible for" Combat-Related Special Compensation and that "this will be forwarded to the VA."  *Id.*  Sanders further seeks monetary damages for the "denial of [his] rights to [his] Montgomery GI Bill" in the amount of $208,787,252, as well as a $20,000 per month penalty for alleged violations of his Fifth Amendment due process rights.  *Id.*  Finally, Sanders seeks accountability for the allegedly false statements that were made upon his discharge, and the effect they had on him.  *Id.*  Sanders states that the individuals who made "false statement[s]" should be "held to account" and that his complaint should be "referred to the United States Department of Justice for prosecution of these individuals."  *Id.*

## DISCUSSION

### A.  Screening of Plaintiff's Complaint

When a litigant asks to proceed without prepayment of fees, the court is statutorily required to screen the complaint for other deficiencies.  *See* 28 U.S.C. § 1915(e)(2).  The court must dismiss claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from

3

suit. *See id.* § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). Moreover, the court must ensure that it has the power—or subject matter jurisdiction—to hear a case before the action may proceed. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). In conducting this screening, courts construe the pleadings of pro se litigants liberally, in recognition of the fact that self-represented litigants often face significant hurdles in navigating the court system. *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

### 1.     Subject Matter Jurisdiction

Construing Sanders' complaint liberally, the court still concludes that it cannot exercise subject matter jurisdiction over the complaint in its current form. It reaches this conclusion for two reasons.

The first is that Sanders names the U.S. Air Force as the only defendant in his complaint. As a sovereign, the United States "is immune from suit unless it has waived its immunity," and where it has not done so, federal courts lack subject matter jurisdiction over the claims brought against it. *See Balser v. Dep't of Just., Off. of U.S. Tr.*, 327 F.3d 903, 907 (9th Cir. 2003). As an arm of the United States, the Air Force is protected from suit by sovereign immunity. *Id.* (noting that "any lawsuit against an agency of the United States or against an officer of the United States in [their] official capacity is considered an action against the United States"). And here, Sanders has identified no applicable waiver of the Air Force's sovereign immunity—meaning that

the court lacks subject matter jurisdiction over his complaint.  Should he decide to file an amended complaint, Sanders should address this jurisdictional problem by naming an appropriate individual defendant—for instance, the U.S. Secretary of the Air Force—rather than the U.S. Air Force itself.  Moreover, to the extent Sanders seeks monetary damages as a remedy in any amended complaint, he may only seek such relief "against the responsible federal official in [their] individual capacity," not in their official capacity.  *Neal v. U.S. Dep't of Just.*, No. 12-CV-01327, 2013 WL 178191, at *2-3 (E.D. Cal. Jan. 16, 2013).

    The second jurisdictional problem is that under the so-called *Mindes* test, servicemembers' claims related to "non-reviewable military personnel decisions" are presumptively "nonjusticiable."  *Wenger v. Monroe*, 282 F.3d 1068, 1072 (9th Cir. 2002) (cleaned up).  And that presumption would appear to apply to Sanders' complaint, given that Sanders challenges a military personnel decision—namely, his discharge and his discharge status.  There is, to be sure, an exception to this presumption of non-justiciability:  as the Ninth Circuit has explained, an "internal military decision" can possibly become reviewable when a plaintiff alleges "(a) a violation of a recognized constitutional right, a federal statute, or military regulations; and (b) exhaustion of

available intraservice remedies." *Id.* (cleaned up).  But Sanders' complaint does not, in its current form, allege sufficient facts to qualify for that exception.[1]

First, Sanders has not sufficiently alleged a constitutional, statutory, or regulatory violation.  Although Sanders generally states that his "5th amendment due Process rights" have been violated, ECF No. 1, at PageID.4, he does not explain why the available administrative remedies were constitutionally insufficient.  He does not clearly allege, for example, that any specific military policy was unconstitutional.  And to the extent that Sanders challenges any investigation or hearing procedures that were used during his discharge proceedings—facts that his complaint do not clearly allege—"[w]hether the [Air Force] failed to properly investigate or provide a hearing is a matter of military regulation and can be corrected through administrative appeal."  *Muhammad v. Sec'y of Army*, 770 F.2d 1494, 1496 (9th Cir. 1985).  Should he decide to file an amended complaint, Sanders must specifically allege that a constitutional, statutory, or regulatory violation occurred that could not be remedied by the administrative process.

---

[1] If Sanders were to meet these two requirements in an amended complaint, the court would still have to consider a further "four factors to determine whether judicial review of his claims is appropriate":  (1) the nature and strength of the plaintiff's claim; (2) the potential injury to the plaintiff if review is refused; (3) the extent of interference with military functions; and (4) the extent to which military discretion or expertise is involved.  *Wenger*, 282 F.3d at 1072.  Given that Sanders' complaint, in its present form, does not satisfy the two threshold requirements, the court does not here resolve whether the four additional factors weigh in favor of judicial review in this case.

Second, Sanders' complaint does not adequately allege exhaustion of administrative remedies. The proper administrative avenue through which to challenge a discharge status is via the Air Force Discharge Review Board. *See* 10 U.S.C. § 1553; 32 C.F.R. §§ 865.100 to 865.126. A review of that board's decision may be appealed to the courts and reviewed under the Administrative Procedures Act (APA). In his complaint, Sanders does allege that at some point, he appealed his dishonorable discharge: he notes that he filed "petitions before the Discharge Reviews boards on 2 separate occasions." ECF No. 1, at PageID.4. But he does not clearly articulate when that happened—and so the court cannot determine whether Sanders' complaint should more properly be construed as an appeal of a Discharge Review Board decision.[2]

---

[2]   If Sanders has not, in fact, followed the appropriate administrative review process, it appears that it would be too late to initiate that process now. Any "motion or request for review" of a servicemember's discharge status "must be made within 15 years after the date of discharge." 32 C.F.R. § 865.106. Sanders alleges that he was discharged on July 3, 1994, meaning that his right to request a review of his discharge would have terminated in 2009. *See* ECF No. 1, at PageID.5. Because he initiated this complaint nearly thirty years after his discharge, his ability to have the Air Force Discharge Review Board reconsider his discharge status may be barred by the regulatory time limitations.

It remains possible, however, that Sanders might seek another form of relief via the Air Force Board for Correction of Military Records. Under 10 U.S.C. § 1552, Sanders may request the correction of "any military record" by showing that it is "necessary to correct an error or remove an injustice." Typically, such a request must be made to a board for the correction of military records "within three years after discovering the error or injustice," but a failure to file within that time period may be excused in the interests of justice. *Id.*

7

Granted, courts have occasionally excused a servicemember's failure to exhaust administrative remedies under certain circumstances. The Ninth Circuit has explained, for example, that there are "four circumstances in which exhaustion will not be required: (1) if the remedies do not provide an opportunity for adequate relief; (2) if the petitioner will suffer irreparable harm if compelled to seek administrative relief; (3) if administrative appeal would be futile; or (4) if substantial constitutional questions are raised." *Muhammad*, 770 F.2d at 1495. But Sanders does not allege any such facts here. He therefore has not met the second requirement for establishing justiciability under the modified *Mindes* test. If Sanders decides to file an amended complaint, he should include facts that would support the application of one of these exceptions to the exhaustion requirement.

To sum up: Sanders' complaint fails to sufficiently allege that this court has jurisdiction over his claims because he has only named a defendant over which this court cannot exercise subject matter jurisdiction, and because he has not alleged facts sufficient to render his challenge to an internal military decision justiciable.[3]

---

[3] Sanders' complaint also appears to seek relief in the form of prosecution of the individuals who allegedly made false statements that led to his discharge. But the court "has no authority or power to order the relief" that he seeks. *Wilson v. Clallam Cnty. PUD #1*, No. C23-5203, 2023 WL 2599202, at *2 (W.D. Wash. Mar. 22, 2023) (cleaned up). "[A] private litigant 'lacks standing to compel an investigation or prosecution of another person.'" *Cox v. United States*, Civ. No. 17-00001, 2017 WL 2385341, at *5 (D. Haw. May 31, 2017) (quoting *Tia v. Crim. Investigation Demanded as Set Forth*, 441 F. App'x 457, 458 (9th Cir. 2011)). To the extent Sanders requests this form of relief, the court lacks jurisdiction over the request.

8

### 2. Timeliness

Even if the court did have jurisdiction over Sanders' complaint, the complaint would possibly still need to be dismissed because it suffers from an additional deficiency: it appears that any claims would be barred because he has brought them too late. Federal courts generally may only hear claims that are brought within a certain amount of time from the date the events occurred. Any claims brought after that time will generally be barred by the statute of limitations. For a constitutional claim, for example, the relevant statute of limitations likely would be six years. Here, because Sanders' complaint alleges that the relevant conduct occurred, at the latest, in July 1994, the statute of limitations on those claims could have run by July 2000. Should Sanders choose to file an amended complaint, therefore, he should explain why his claims are not untimely.

### B. Leave to Amend

Even where a complaint does not pass screening, leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). Because it is possible that Sanders could cure at least some of the identified deficiencies, leave to amend is GRANTED as to all claims except that related to the apparent proposal of criminal prosecution, *see supra* note 3, which is DISMISSED with prejudice.

Should Sanders choose to amend his complaint, he must first ensure that this court has subject matter jurisdiction by properly naming defendants other than the U.S.

Air Force who are responsible for the alleged conduct.  And, should he do so, any claim for monetary damages should only be brought against the defendants in their individual capacity, not in their official capacity.  Any amended pleading should also clearly explain what constitutional, statutory, or regulatory violation he alleges has been violated, with factual allegations to support that alleged violation.  Any amended pleading should, in addition, address whether Sanders has attempted to exhaust his administrative remedies, and if he has not, why doing so would not afford him sufficient relief.  Finally, Sanders must also explain why this action would not be time-barred—that is, he should explain whether there is any conduct that could give rise to a claim that occurred *after* July 1994, or whether there are circumstances that hindered his ability to bring this claim by July 2000.

Furthermore, Local Rule 10.4 requires that an amended complaint be complete in itself, without referencing or incorporating any part of a prior pleading.  An amended complaint must be short and plain, *see* Fed. R. Civ. P. 8(a), and will supersede the preceding complaint, *see Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).  Claims not realleged in an amended complaint may be deemed voluntarily dismissed.  *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012).  Sanders may not expand his claims beyond those already alleged or add new claims without explaining how those new claims relate to those he has raised in this complaint.  Claims

that do not properly relate to those in the complaint are subject to dismissal. Should Sanders decide to file an amended complaint, he must do so by June 23, 2025.

### C.     Plaintiff's In Forma Pauperis Application

Because the complaint does not pass screening in its current form, the court DENIES the IFP application as moot and does not decide the application's sufficiency. *See Brown v. Colvin*, Civ. No. 13-00557, 2013 WL 5815563, at *2 (D. Haw. Oct. 28, 2013). If Sanders decides to proceed with this case, he must either pay the filing fee or file a new IFP application together with his amended complaint. And while the court makes no decisions on the merits of the application at this time, it notes that Sanders' existing allegations do not obviously establish that he is eligible to proceed without prepayment of fees. That is because Sanders' income of $52,800 ($4,400 monthly x 12 months = $52,800) is greater than the Department of Health and Human Services' 2025 Federal Poverty Guideline of $24,320 for a two-person household in Hawaiʻi. *See* Annual Update of the HHS Poverty Guidelines, 90 Fed. Reg. 5917 (Jan. 17, 2025). While an individual need not be "absolutely destitute" to proceed without prepayment of fees, *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948), they must "allege poverty with some particularity, definiteness and certainty," *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (cleaned up). Should Sanders amend his complaint, he must submit another IFP application explaining with particularity why he is unable to prepay his court fees despite his gross monthly income.

## **CONCLUSION**

For the foregoing reasons, the court DISMISSES Plaintiff's complaint, ECF No. 1, with leave to amend and DENIES his IFP application, ECF No. 2, as moot.

IT IS SO ORDERED.

DATED: May 22, 2025, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

---

Civil No. 25-00187 MWJS-WRP; *Daniel Sanders v. United States Air Force*; ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND AND DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AS MOOT