IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| DANIEL SANDERS,<br><br>   Plaintiff,<br><br>  vs.<br><br>TROY E. MEINK, *Secretary of the Air Force, in his official capacity*,<br><br>   Defendant. | Civil No. 25-00187 MWJS-WRP<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT, DENYING SECOND APPLICATION TO PROCEED IN FORMA PAUPERIS AS MOOT, AND DEFERRING DECISION ON LEAVE TO AMEND |

**INTRODUCTION**

On May 22, 2025, this court dismissed pro se Plaintiff Daniel Sanders's initial complaint and denied his application to proceed in forma pauperis (IFP), that is, without prepayment of fees or security, as moot. ECF No. 5. Currently before the court are Sanders's first amended complaint (FAC) against the Secretary of the U.S. Air Force, filed on May 30, 2025, ECF No. 6, and his second IFP application, ECF No. 7.

The court again screens the complaint and finds that, as currently alleged, Sanders's claims are barred by the statute of limitations. Accordingly, the court DISMISSES the FAC and DENIES the second IFP application as moot. But the court DEFERS decision on leave to amend. By August 4, 2025, Sanders must file a letter explaining whether there are additional facts he could offer to show his claims are not barred by the statute of limitations, in accordance with the guidance laid out below.

## BACKGROUND

Sanders initiated this action in May 2025 by filing a complaint and an IFP application.  ECF Nos. 1, 2.  In his initial complaint, Sanders alleged that he is an Air Force veteran who enlisted in service in 1990.[1]  ECF No. 1, at PageID.5.  Sanders alleged that he was "wrongful[ly]" discharged and that his discharge form, known as a DD-214, was "false and invalid."  *Id.*  Specifically, he alleged that certain Air Force officials had fabricated information on the DD-214, and that these individuals should be criminally prosecuted.  *Id.*  As relief, Sanders sought a discharge upgrade to "honorable" and compensation for the "denial" of access to GI bill benefits.  *Id.*

The court screened Sanders' initial complaint under 28 U.S.C. § 1915(e)(2)(B) and concluded that it should be dismissed.  *See* ECF No. 5.  As an initial matter, Sanders had named the U.S. Air Force as the sole defendant, and that agency is protected from suit by sovereign immunity.  *Id.* at PageID.13-14.  Furthermore, the complaint did not pass the *Mindes* test, under which service members' claims related to "non-reviewable military personnel decisions" are presumptively "nonjusticiable."  *Wenger v. Monroe*, 282 F.3d 1068, 1072 (9th Cir. 2002).  Although the presumption of non-justiciability can be overcome when a plaintiff has exhausted intraservice remedies and shown that there

---

[1]      In the initial complaint, Sanders alleged that his discharge occurred in July 1994. ECF No. 1, at PageID.5.  But according to his official discharge paperwork, which he supplied in connection with the FAC, Sanders appears to have separated from service in July 1991.  ECF No. 6, at PageID.82.

2

was a violation of a "recognized constitutional right, a federal statute, or military regulations," ECF No. 5, at PageID.14 (quoting *id.* (cleaned up)), the initial complaint did not meet either requirement.

Accordingly, the court dismissed the initial complaint for lack of jurisdiction and denied Sanders's IFP application as moot. *Id.* at PageID.17-20. The court nonetheless afforded Sanders an opportunity to address the deficiencies in the initial complaint by granting him leave to amend. *Id.* at PageID.18-19.[2] And it detailed the additional factual allegations that Sanders would need to include in any amended pleading to ensure that this court had the power to hear his case. *Id.* As additional guidance, the court noted that Sanders's claims, which arose from his discharge in the 1990s, might be barred by the statutes of limitations, and that Sanders therefore should explain in any amended complaint why his claims are timely. *Id.* at PageID.19.

On May 30, 2025, Sanders filed the FAC, together with a new IFP application. ECF Nos. 6, 7. In the FAC, Sanders maintains his claims that he did not receive the proper discharge process and paperwork upon separation from the Air Force. *See* ECF No. 6, at PageID.71. And although the purported criminal prosecution claim was previously dismissed with prejudice, the FAC realleges that the officials who authored

---

[2] The only claim for which the court did not grant leave to amend concerned Sanders's request for criminal prosecution against individuals in the Air Force; the court cannot grant that form of relief to Sanders and, therefore, any amendment of the claim would have been futile. *See* ECF No. 5, at PageID.18.

his separation documents and failed to provide such an assessment engaged in "felony conduct" that should be referred to federal prosecutors. *See, e.g., id.* at PageID.25.

At the same time, the FAC cures some of the deficiencies identified in the court's first screening order. The FAC properly names the Secretary of the Air Force as the defendant. Moreover, in what appears to be an effort to address the need for exhaustion of administrative remedies, the FAC includes additional documentation about the circumstances of Sanders's separation from the Air Force. Sanders attaches a copy of his DD-214, which was issued on November 5, 1991. *Id.* at PageID.82. That form states that Sanders entered service on July 3, 1990, and that he separated from service on July 26, 1991. *Id.* And while the factual allegations in the initial complaint suggested that Sanders had been dishonorably discharged from the Air Force (as did his requested relief of a discharge upgrade to "honorable"), *see* ECF No. 5, at PageID.11, it appears from the DD-214 that Sanders in fact separated with a "general (under honorable conditions)" discharge, ECF No. 6, at PageID.82 (capitalizations omitted). Sanders also attaches a copy of a supporting document authored by a Staff Judge Advocate, which recommends Sanders's discharge based on allegations that he was storing prohibited items in his dormitory and fell below performance standards. *Id.* at PageID.86-88. A letter directed to Sanders, dated July 11, 1991, similarly sets forth the reasons his separation was being recommended. *Id.* at PageID.94-95.

4

Sanders also provides documentation suggesting that he did appeal his discharge:  he provides a letter from the Air Force Board for Correction of Military Records ("the Board"), dated April 6, 1995, that states that his case was denied.  ECF No. 8, at PageID.307.  The documentation does not, however, explain what evidence Sanders provided in support of that appeal or what claims and issues he exhausted before the Board.

As relief, the FAC seeks a discharge upgrade from a "general (under honorable conditions)" discharge to one that states he was discharged based on "medical" reasons and under honorable conditions.  ECF No. 6, at PageID.103.  The FAC also requests that the discharge be modified to reference several listed disabilities, and that a revised DD-214 "be provided to both the Department of Veteran Affairs and [also] the Department of Education so that [he] will be able to use [his] Montgomery GI Bill."  *Id.*  Sanders seeks $20,000 a month "for medical reasons" as compensation for "violations of [his] rights."  *Id.* at PageID.104.  Finally, Sanders seeks "back pay" for July 1991 through 1994, which appears to be the period during which he would have received a salary from the military because he was enlisted for four years, but was separated early.  *Id.*

On the heels of the FAC, Sanders made three additional filings.  The first document is titled a "Clarification of the Nature of Case," in which Sanders reiterates that he brings his claims under the Fifth Amendment, and pursuant to 10 U.S.C. § 58 and 10 U.S.C. § 1142.  ECF No. 12, at PageID.308 (some capitalizations omitted).  He also

5

contends that the statute of limitations does not apply to his claims because "[t]echnically Daniel Sanders is still enlisted in the United States Air Force" given that his DD-214 "is on its face a false and fraudulent government document" that he was "coerced into signing." *Id.* at PageID.309. The second document is titled an "Anthology of Violations of my Rights by the United States Air Force," which largely repeats the allegations made in the FAC and includes allegations related to Sanders's various disabilities. ECF No. 13, at PageID.312 (some capitalizations omitted). The third, titled "The Three Parts of a Tripod Represent Three Elements Necessary to Win a Legal Case or Legal Argument," recounts "federal case law," "evidentiary documents," and "case precedent," which Sanders cites in further support of the FAC. ECF No. 14, at PageID.318-19 (some capitalizations omitted).

## DISCUSSION

### A.    Screening of the FAC

Because Sanders seeks to proceed without prepayment of fees, the court is statutorily required to screen the complaint. *See* 28 U.S.C. § 1915(e)(2). Sanders is a pro se litigant, and so the court liberally construes his pleadings. *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). But the court must still dismiss claims or complaints that are frivolous, malicious, or fail to state a claim for relief. *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

Screening under § 1915(e)(2) involves the same standard that is used under Federal Rule of Civil Procedure 12(b)(6). *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam). Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a particular defendant for specific misconduct. *See id.* Even so, a complaint will fail to state a claim of relief "where a defense is complete and obvious from the face of the pleadings." *Austin v. Papa John's Pizza*, CIV. No. 11-00683, 2011 WL 5513191, at *4 (D. Haw. Nov. 10, 2011). And "[w]hile the statute of limitation is an affirmative defense, in the absence of a defendant's waiver, a court may raise the defense of statute of limitations *sua sponte*." *Tierney v. Atkin*, Civ. No. 13-00136, 2013 WL 1991907, at *3 (D. Haw. May 13, 2013).

 1. Former servicemembers have two potential avenues for judicial relief when "seeking to upgrade their discharge status." *Smalls v. United States*, 87 F. Supp. 2d 1055, 1058 (D. Haw. 2000). "First, after exhausting administrative remedies, they may seek declaratory and injunctive relief against the appropriate branch of service, challenging their discharge as a violation of the Constitution, statute, or service regulations." *Id.* "Second, if they are unsuccessful in obtaining relief from an appropriate agency such as [a board for correction of military records], they may seek judicial review of the

7

agency's decision under the" Administrative Procedure Act (APA). *Id.* (citation omitted).

In its prior order, the court explained that because Sanders seeks a discharge upgrade, he must show that he has properly exhausted his administrative remedies before filing a complaint in this court. Under 10 U.S.C. § 1552(a)(1), "the Secretary of a military department may correct any military record of the Secretary's department when the Secretary considers it necessary to correct an error or remove an injustice." That review happens through a civilian board for the correction of military records—in this case, the Air Force Board for Correction of Military Records. And this time around, Sanders has shown that he did appeal his discharge to the Board, which denied it on April 6, 1995. *See* ECF No. 8, at PageID.307.

Although the FAC now adequately alleges exhaustion of administrative remedies, it still contains other deficiencies. The FAC still does not state a claim for relief under the first possible route. That is because it does not plausibly allege a violation of the constitution, statute, or service regulations. Sanders appears to assert a Fifth Amendment due process claim,[3] but he does not allege sufficient factual support

---

[3]  Separately, Sanders suggests that by making such a claim, he can "overcome sovereign immunity of the United States Air Force." ECF No. 6, at PageID.106. That is not correct: were Sanders still seeking to proceeding directly against the United States Air Force, his Fifth Amendment claim would be barred. But Sanders has cured the sovereign immunity deficiency—noted in the court's order dismissing the initial complaint—by naming the Secretary of the Air Force as the defendant.

8

for that allegation.  *See* ECF No. 6, at PageID.26.  While he generally alleges that he failed to receive certain medical examinations upon exiting the Air Force and did not receive a copy of his paperwork, those concerns could have been raised in the administrative appeal (and would thus be better addressed by the second avenue of relief, touched on next).  He does not otherwise allege that he failed to receive constitutional due process during the actual discharge; to the contrary, it appears that he was provided several notices that his conduct failed to conform with military standards.  *See, e.g.*, ECF No. 6, at PageID.86-88.  Even liberally construing these allegations, then, the court concludes FAC does not set forth enough facts to state a Fifth Amendment due process claim.

Moreover, if Sanders is in fact challenging the fact of his discharge, that claim would be time-barred.[4]  "Ordinarily, a cause of action for wrongful discharge occurs at the time of discharge."  *See Nichols v. Hughes*, 721 F.2d 657, 659 (9th Cir. 1983).  And the statute of limitations for such a claim is six years.  *Id.*  Sanders was discharged in 1991, meaning that the statute of limitations ran in 1997.  He filed this action in May 2025—nearly thirty years too late.

---

[4]  Sanders appears to allege that his medical information was not properly transmitted to the Department of Veterans Affairs as required under 10 U.S.C. § 1142(d) for service members who are "medically separated."  The problem, however, is that Sanders was not discharged for medical reasons.  And to the extent he challenges the discharge directly, the proper method for doing so was either to initiate this claim in a timely fashion or to have challenged the discharge documentation via the administrative appeal process.

9

In short, the FAC fails to state a claim of relief under this first avenue both because Sanders has not identified sufficient facts to support any constitutional or statutory violation, and because any such claims are time-barred by the statute of limitations.

Sanders might also be seeking relief under the second route, via the APA. "Federal courts review final decisions made by the civilian records correction boards under the APA." *Avery v. Dep't of the Army*, No. C 14-1077, 2014 WL 3705344, at *3 (N.D. Cal. July 23, 2014). That is, "Board decisions are subject to judicial review and can be set aside if they are arbitrary, capricious or not based on substantial evidence." *Chappell v. Wallace*, 462 U.S. 296, 303 (1983). A challenge to an adverse decision by the Board on the basis that it is arbitrary and capricious under the APA, 5 U.S.C. § 706, must be brought "within six years after the right of action first accrues." 28 U.S.C. § 2401(a). "A claim challenging an adverse decision by the [Board] accrues at the time the [Board] issues the final agency decision." *Paddock v. United States Air Force*, NO: 19-CV-36, 2019 WL 6039965, at *4 (E.D. Wash. Nov. 14, 2019).

It appears to be too late for Sanders to seek judicial review of the Board's decision under the APA. The Board's final decision was issued on April 6, 1995, meaning that the statute of limitations expired on April 6, 2001.[5] *See* 28 U.S.C. § 2401(a).

---

[5] Although the court need not definitively resolve the issue here, it notes that a "majority of the courts that have addressed the issue hold that an action for correction

10

Even construing Sanders's pleading liberally, there is no basis to conclude that there was any agency action taken later than the Board's April 6, 1995, decision, which constitutes the final decision for review under the APA. That means that Sanders's initiation of this action on May 6, 2025, was more than twenty-four years overdue.

\*   \*   \*

Although Sanders' claims are untimely under the governing statutes of limitation, there is one final wrinkle: in certain situations, federal statutes of limitations may be subject to equitable tolling "where circumstances beyond a plaintiff's control prevented plaintiff from filing the claim on time." *Paddock*, 2019 WL 6039965, at *4. These circumstances arise only where a plaintiff "has actively pursued his judicial remedies by filing a defective pleading during the statutory period" or "has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990); *see also Seattle Audubon Soc. v. Robertson*, 931 F.2d 590, 596 (9th Cir. 1991) ("[W]hen external forces, rather than plaintiff's lack of diligence, account for the failure to file a timely claim, equitable tolling is proper."). Courts are "much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." *Irwin*, 498 U.S. at 96.

---

of records accrues when the correction board renders its decision," rather than the earlier date of discharge. *Smalls*, 87 F. Supp. 2d at 1059; *see also Paddock*, 2019 WL 6039965, at *4 (applying six-year statute of limitations to the date of the Air Force Board for Correction of Military Records's final decision).

11

Here, Sanders has alleged no facts to support a request for equitable tolling. Indeed, it appears that he had access to the information he needed to challenge his discharge status in 1995. And the FAC does not allege that any agency or government official took any action to prevent Sanders from filing an action in federal court after he received the Board's final decision. Sanders does contend that the statute of limitations has not passed because "technically Daniel Sanders is still enlisted in the United States Air Force" since his DD-214 "is on its face a false and fraudulent government document" that he was "coerced into signing." ECF No. 12, at PageID.309. But that argument about the validity of the DD-214 is one that should have been properly raised in the administrative appeal process or by timely filing this case; it provides no factual basis on which to conclude that any agency or government official prevented Sanders from filing a complaint after he was discharged.

The court therefore DISMISSES the FAC's claims related to Sanders' discharge because they are barred by the statute of limitations and because no grounds for equitable tolling have been proffered.

2. The FAC also appears to continue to allege that certain individuals should be criminally charged. *See, e.g.*, ECF No. 6, at PageID.25. But the court's first screening order already dismissed with prejudice Sanders's purported criminal claims, explaining that it has no authority to order such relief because only a federal prosecutor may

12

initiate a criminal complaint.  Any such claims are therefore barred by the court's prior order and may not be reasserted in any future amended pleading.

### B.     Leave to Amend

While the court generously affords leave to amend where justice so requires, it need not do so where amendment would be futile.  *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  Because Sanders's claims appear to be time-barred, the court DEFERS decision on whether to grant leave to amend the FAC.  Instead, the court affords Sanders an opportunity to file a letter explaining how, if given leave to amend the FAC, he could cure the deficiencies outlined above.  In particular, Sanders must explain what facts would show that equitable tolling applies.  He should detail whether there were circumstances beyond his control that prevented him from filing these claims within six years of his discharge or within six years of the Board's decision; and he should explain whether any agency or government official acted in some way to delay his filing of this complaint.  Furthermore, should Sanders seek to reassert his Fifth Amendment due process claim, he must identify an adequate factual basis to support that claim on its merits.

If Sanders chooses to submit a letter seeking leave to amend, he must do so by August 4, 2025.  Sanders is cautioned that failure to timely file a letter or offer sufficient facts to support a basis for equitable tolling will result in a finding that Sanders's claims are time-barred, and they will be dismissed with prejudice.

13

## C. Sanders's In Forma Pauperis Application

Because the complaint does not pass screening in its current form, the court again DENIES the second IFP application as moot and does not decide the application's sufficiency. *See Brown v. Colvin*, Civil No. 13-00557, 2013 WL 5815563, at *2 (D. Haw. Oct. 28, 2013). Sanders need not file a new IFP application unless and until the court grants leave to amend. The court notes, however, that there are significant differences in the financials listed in Sanders's current and prior IFP application. In the initial IFP application, Sanders listed his income as $52,800 ($4,400 monthly x 12 months = $52,800). *See* ECF No. 2, at PageID.7. But in his second IFP application, Sanders represents that he has $0 of income, stating that he solely "rel[ies] on [his] VA disability" benefits and "this is not consider[ed] income by the federal Govt." ECF No. 7, at PageID.109. Although the court does not decide whether IFP status should be granted at this time, the court notes that disability compensation from the Department of Veteran Affairs may be considered in determining whether a plaintiff may proceed without prepayment of fees. *See, e.g., Lint v. City of Boise*, No. CV09-72, 2009 WL 1149442, at *2 (D. Idaho Apr. 28, 2009) (denying IFP application where plaintiff received "substantial monthly income in the form of" VA and social security disability benefits); *Johnson v. Leokane*, Civ. No. 08-00432, 2008 WL 4527065, at *3 (D. Haw. Oct. 9, 2008) (stating that income from social security benefits may be considered in IFP determination). Should the court grant Sanders further leave to amend, in any future

14

IFP application, Sanders must list all income, including that received from disability benefits.

## CONCLUSION

For the foregoing reasons, the court DISMISSES Sanders' first amended complaint, ECF No. 6, and DENIES Sanders' second IFP application, ECF No. 7, without prejudice to renewal at a later time. The court DEFERS decision on the question of whether Sanders should be granted further leave to amend. If Sanders wishes to continue pursuing this action, he must submit a letter to the court seeking leave to amend by no later than August 4, 2025. In any such letter, Sanders must supplement his factual allegations to address the deficiencies that have been identified in this order related to the statute of limitations, equitable tolling, and the lack of a sufficient factual basis for his Fifth Amendment due process claim.

Sanders is cautioned that if his letter fails to address the identified deficiencies, his action will be dismissed without leave to amend. Moreover, if Sanders does not file a letter requesting leave to amend by August 4, 2025, this case will be automatically dismissed.

//

//

//

//

IT IS SO ORDERED.

DATED: July 3, 2025, at Honolulu, Hawai'i.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

Civil No. 25-00187 MWJS-WRP; *Daniel Sanders v. Troy E. Meink*; ORDER DISMISSING FIRST AMENDED COMPLAINT, DENYING SECOND APPLICATION TO PROCEED IN FORMA PAUPERIS AS MOOT, AND DEFERRING DECISION ON LEAVE TO AMEND