IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| DANIEL SANDERS, | Civil No. 25-00187 MWJS-WRP |
| Plaintiff, | ORDER DENYING LEAVE TO AMEND AND DISMISSING ACTION |
| vs. | |
| TROY E. MEINK, *Secretary of the Air Force, in his official capacity*, | |
| Defendant. | |

## INTRODUCTION

Pro se Plaintiff Daniel Sanders has filed a letter requesting leave to amend his first amended complaint (FAC), which this court previously dismissed on the ground that its claims appeared to be barred by the applicable statutes of limitations. *See* ECF No. 16. In the letter, Sanders contends that leave should be granted because he can at least plausibly allege that his claims are timely based on a "continuous harm" theory— that is, based on the theory that past violations have continued to cause him injury up to the present day. *See, e.g., id.* at PageID.383. But the Ninth Circuit "has repeatedly held that a mere continuing *impact* from past violations is not actionable." *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (cleaned up). That is all Sanders alleges here, and his allegations are therefore legally unavailing under current Ninth Circuit precedent. Only the Ninth Circuit or the Supreme Court can overturn that precedent;

this court is bound to apply it in its current form.  The court therefore must deny

Sanders' request for leave to amend his FAC.

## BACKGROUND

Because Sanders seeks to proceed in forma pauperis (IFP), this court is statutorily

required to screen his complaints.  *See* 28 U.S.C. § 1915(e)(2).  The court's prior screening

orders resulted in the dismissal of both Sanders' initial complaint and his FAC.

In its first screening order, the court dismissed the complaint for lack of

jurisdiction and denied the IFP application as moot.  ECF No. 5, at PageID.17-20.  The

court granted Sanders leave to amend, but it observed that because his claims arose

from his discharge from the Air Force in the 1990s, they might be barred by the

applicable statutes of limitations.  *Id.* at PageID.18.  And so the court advised Sanders

that, in any amended pleading, he should explain why he believes his claims are timely.

*Id.* at PageID.19.

Sanders thereafter filed his FAC and a new IFP application.  ECF Nos. 6, 7.

While the FAC cured some of the jurisdictional deficiencies identified in the court's first

screening order, it once again did not plausibly allege that Sanders' claims were timely.

*See* ECF No. 15, at PageID.373-76.  For that reason, the court issued a second screening

order in which it again dismissed the FAC.  *Id.* at PageID.376.  The court explained that

as alleged, Sanders' claims were barred by the relevant statutes of limitations, and there

did not appear to be any circumstances justifying an equitable tolling of that time bar.

2

*Id.* at PageID.374-76.  The court did not outright grant Sanders leave to amend, but it afforded him an opportunity to file a letter explaining what facts he could allege to show that equitable tolling applies.  *Id.* at PageID.377.  Sanders filed his letter in response to the court's order, ECF No. 16, and a further supplement, ECF No. 17.

## DISCUSSION

Generally, leave to amend should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2).  But a court need not grant leave to amend where there has been a "repeated failure to cure deficiencies" or where further amendment would be "futile." *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (cleaned up).

Granting leave to amend would be futile here.  The court has twice afforded Sanders an opportunity to plausibly allege that his action is not time-barred.  *See* ECF No. 5, at PageID.18-19; ECF No. 15, at PageID.377.  As the court explained in its prior screening order, the FAC did not do so.  And for the reasons that follow, neither does his letter.

1.  The letter contends that because Sanders is alleging a "claim of continuous harm," his claims are not time-barred.[1]  ECF No. 16, at PageID.383.  It details that

---

[1]    In his letter, Sanders again contends that his claims under 10 U.S.C. §§ 58 and 1142 should suffice to "overcome . . . the issue of sovereign immunity."  ECF No. 16, at PageID.383.  As the court noted in its second screening order, because Sanders properly named the Secretary of the Air Force as the Defendant in the FAC (rather than the Air Force itself, as he had done in his initial complaint), sovereign immunity is no longer a concern, at least for the non-monetary forms of relief he seeks.  ECF No. 15, at PageID.372 n.3.

Sanders has suffered a "continuous harm" from "July 26th, 1991, up to and including the date of July 10th, 2025," *id.* at PageID.389, because Defendant has continuously "refuse[d] to recognize" his rights as a former servicemember, *id.* at PageID.385. Sanders explains that between July 1991 and May 2020, he "was denied any and all rights to benefits" from the Department of Veteran Affairs. *Id.* at PageID.389. In 2017, Sanders received a discharge upgrade, but he maintains that the "upgraded DD 214 is false and fictitious." *Id.*

From these allegations, Sanders concludes that his action may proceed because he has plausibly alleged a continuous harm that "will disqualify the use of a Statute of Limitations" and entitle him to relief for the alleged violations of his Fifth Amendment due process rights. *Id.* at PageID.396. He analogizes Defendant's actions to a "doctor's negligence that leads to long-term health issues," *id.*, and he alleges that the Secretary of Defense similarly "inflict[ed] continuous harm," *id.* at PageID.389, on him for more than three decades by repeatedly denying him access to veteran benefits. Because these denials were "ongoing" up to and including July 10, 2025, Sanders contends that the statutes of limitations do not bar his claims. *Id.* at PageID.389, 395.

In his supplemental filing, Sanders repeats these arguments and attaches additional documentation, most of which has been previously considered by the court. *See* ECF No. 17.[2]

2.  The court cannot accept these contentions because under binding Ninth Circuit precedent, "a mere continuing *impact* from past violations is not actionable." *Knox*, 260 F.3d at 1013 (cleaned up).  As the Ninth Circuit has explained, "[i]n considering statute of limitations issues, the court is to look at when the operative decision occurred and to separate from the operative decisions those inevitable consequences that are not separately actionable." *The Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 701 (9th Cir. 2009) (cleaned up).  Here, the challenged decisions and actions unquestionably occurred well outside of the statutes of limitations period.  That means Sanders' claims are untimely.  And while Sanders has alleged more recent harms, that continuing impact is not itself actionable.

To be sure, courts have recognized that in some contexts, "the injuries about which the plaintiff is complaining are the consequence of a numerous and continuous

---

[2]    Sanders includes an additional document showing that in 2015, the Department of Veteran Affairs made a "finding of a lack of information required to corroborate stressor(s) associated with a claim for service connection for Posttraumatic Stress Disorder (PTSD)."  ECF No. 17-2, at PageID.406.  Similarly, the other documents offered show Sanders' efforts to access his military records in the 1990s and throughout the 2010s.  *See, e.g.*, ECF No. 17-21, at PageID.456.  As noted below, upon the court's review of these documents, there do not appear to be any circumstances that justify an equitable tolling of the statutes of limitations periods.

series of events." *Luther v. Fong Eu*, No. C 03-4568, 2005 WL 43443, at *3 (N.D. Cal. Jan. 6, 2005) (cleaned up).  And when there is a continuing violation of that sort, each new decision or action can effectively restart a statute of limitations clock.  But a "continuing violation is occasioned by continual unlawful acts, not by continual ill effects from an original violation." *Ward v. Caulk*, 650 F.2d 1144, 1147 (9th Cir. 1981); *see also Farrell v. U.S. Dep't of Def.*, No. 23-cv-04013, 2024 WL 3090854, at *24 (N.D. Cal. June 20, 2024) (recognizing that a continuing violation may exist where a plaintiff has brought "constitutional challenges to the continued enforcement of statutes, policies or practices").  Sanders does not plausibly allege such a continuing violation.  As his letter makes clear, his contention is that his discharge is continuing to harm him because it precludes him from obtaining veteran benefits to which he is legally entitled.  These allegations focus on the continuing impact of alleged past violations of his rights, rather than a new, or even continued, unlawful act.  They focus on "merely the continuing effect" of the discharge, rather than new or continuing violations. *Knox*, 260 F.3d at 1013; *see also id.* at 1014 (reasoning that "[s]ubsequent denials . . . where the basis for the denials rests on the letter of permanent suspension, are nothing more than the delayed, but inevitable, consequence of the total and permanent suspension decision").  For that reason, the allegations are insufficient to make Sanders' claims timely.

Nor does Sanders' letter, or his supplemental documentation, identify any basis for equitable tolling under the circumstances of this case, despite the court's prior

screening order having invited him to do so.  *See* ECF No. 15, at PageID.375-77.  And in the court's own review, no basis is evident.  *Cf. Mosley v. U.S. Dep't of Army*, No. CV-13-02645, 2014 WL 12693819, at *4 (D. Ariz. May 12, 2014) (holding that veteran's claim was "not subject to equitable tolling because Plaintiff acknowledges that she knew of her discharge" and "Plaintiff did not seek review by the Board until after the statute of limitations expired").

3.  Given that the court has already given Sanders two opportunities to plausibly allege that his claims are timely, and given that Sanders' responses have proved insufficient to do so, the court concludes that granting further leave to amend would be futile.  *See Leadsinger, Inc.*, 512 F.3d at 532.

<u>CONCLUSION</u>

For these reasons, and those explained in the court's prior orders, the court concludes that Sanders has not plausibly alleged that his claims fall within the statutes of limitations or that equitable tolling applies.  Because any further amendment to Sanders' complaint would be futile, the court denies Sanders leave to amend and dismisses the action with prejudice.  The Clerk is directed to close this case.

//

//

//

//

7

IT IS SO ORDERED.

DATED:  July 28, 2025, at Honolulu, Hawai'i.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

---